UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION

| | |
|---|---|
| **DELMY BANEGAS,** | § |
| **Plaintiff,** | § |
| | § CIVIL ACTION NO. |
| v. | § |
| | § |
| **JESUIT HIGH SCHOOL OF** | § JURY TRIAL DEMANDED |
| **NEW ORLEANS** | § |
| **Defendant.** | § |

## ORIGINAL COMPLAINT

Plaintiff DELMY BANEGAS ("Plaintiff"), by and through her attorneys, ELLWANGER LAW LLP and BOHRER BRADY LLC brings this action for damages and other legal and equitable relief from Defendant, JESUIT HIGH SCHOOL OF NEW ORLEANS ("Jesuit High" or "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, the Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.* and any other cause(s) of action that can be inferred from the facts set forth herein.

## INTRODUCTION

From the outset of her employment at Jesuit High, Ms. Banegas was the target of severe and daily harassment from one of the highest-ranking supervisors in the school, Mr. Larry Abshire. Mr. Abshire would routinely make grossly inappropriate and sexualized comments toward Ms. Banegas and ensure that he was constantly present around her despite her complaints. When she complained to Jesuit High's administration, she was informed that Jesuit High had no formal policy concerning sexual harassment and she was forced to quit. Defendant's acts of discrimination

are in violation of Title VII of the Civil Rights Act of 1964 and the Louisiana Employment Discrimination Law, La.Stat. § 23:332 *et seq.* and any other cause(s) of action that can be inferred from the facts set forth herein.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief (i) under any Act of Congress providing for the protection of civil rights; (ii) under the Declaratory Judgment Statute, 28 U.S.C. § 2201; 42 U.S.C. §§ 2000e *et seq.*, as amended, and (iii) 42 U.S.C. §§ 1981 *et seq.*, as amended.

2. The Court's supplemental jurisdiction is invoked by 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this Court in as much as the unlawful employment practices occurred in this judicial district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (c), in that Jesuit High maintains offices, conducts business and resides in this district.

## PARTIES

4. Plaintiff is a person who has been aggrieved by Defendant's actions. She is and has been, at all relevant times a resident of Orleans Parish, Louisiana

5. Defendant Jesuit High School of New Orleans is a private high school for boys located at 4133 Banks St., New Orleans, Louisiana 70119.

**ORIGINAL COMPLAINT**

2

6. During all relevant times, Jesuit High has been an employer covered by Title VII.

7. At all relevant times, Plaintiff was Defendant's employee and therefore covered by Title VII.

8. Jesuit High has transacted business in Louisiana by, among other things, employing persons at facilities located within Louisiana and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

9. Plaintiff, who has herein alleged claims pursuant to Title VII, has timely filed a complaint of discrimination with the Equal Employment Opportunity Commission ("EEOC").

10. On or around August 6, 2020, Plaintiff received her Notice of Right to Sue letter.

## STATEMENT OF FACTS

11. Plaintiff Banegas was employed by Jesuit High as a Spanish teacher for the 2019-20 academic school year until her constructive discharge at the end of the 2019-20 year.

12. From the outset of her employment at Jesuit High, Ms. Banegas was the target of severe and daily harassment from one of the highest-ranking supervisors in the school, Mr. Larry Abshire. Mr. Abshire would routinely make sexual, suggestive comments toward Ms. Banegas. He would frequently make efforts to be in her presence, despite her complaints.

13. For example, in or around September 2019, Mr. Abshire stopped Ms. Banegas in the hallway to whisper to her, "that low carb diet must be working, you are looking sexy today." Ms. Banegas shook her head and immediately walked away.

ORIGINAL COMPLAINT

14. In or around mid-September 2019, Mr. Abshire came up from behind Ms. Banegas while she performed after school duty and said, "I bet you when you're naked you like what you see." Ms. Banegas again expressed rejection and left the situation as fast as possible.

15. Mr. Abshire would not let Ms. Banegas avoid him in the workplace, showing up every morning during her pre-work routine in her classroom to further harass her. Near the end of September, Mr. Abshire came up from behind Ms. Banegas, put his hand on her back, ran it down to her buttocks, and groped her as she squirmed away.

16. In or around December 2019, Mr. Abshire again harassed Ms. Banegas in the midst of her after school duty by suggestively saying, "I bet you like that pepperoni, especially that Italian sausage," referring to his penis. Ms. Banegas sharply rebuked Mr. Abshire for his gross, unwelcome comment based on sex.

17. Mr. Abshire frequently encouraged Ms. Banegas to come to his office alone, often suggestively saying "you wouldn't be bored if you came to my office." Ms. Banegas consistently and constantly rejected Mr. Abshire's invitations to his office to the point where it became a significant burden on her day-to-day productivity.

18. In or around late January 2020, Mr. Abshire asked Ms. Banegas about her plans for Mardi Gras break, saying, "I heard you are leaving town for break. That's too bad because my wife is out of town and I have no one to play with." Disgusted, Ms. Banegas made it clear that his remark was inappropriate and she did not wish to "play."

19. Because Mr. Abshire was one of the highest-ranking supervisors at the school, Ms. Banegas feared for her job if she made any reports or complaints about his harassment, so she instead attempted to avoid him at all costs. In or around February 2020, Mr. Abshire found her alone in the print room and commented that he had "come to harass you, but it isn't harassment if

you enjoy it." Ms. Banegas made it clear to him that she did not enjoy his constant harassment. On another occasion, Mr. Abshire told Ms. Banegas that he used his computer access to track her movements so that he could find her and harass her wherever she worked in the school. Ms. Banegas began to suffer serious panic attacks and severe mental and emotional distress because she felt Mr. Abshire would follow her to continue his harassment throughout the workplace.

20. In or around March 2020, Mr. Abshire began to call Ms. Banegas regularly to tell her that he missed her. These calls worsened her feeling of being stalked and terrorized by this harasser.

21. In March 2020, after her panic attacks and terror of coming to work became too severe to bear, Ms. Banegas complained to the Assistant Principal about the harassment she had faced by Mr. Abshire. The Assistant Principal explained that the school had no formal policy for reporting sexual harassment but that she would look into the complaint. However, Ms. Banegas was never made aware of any kind of investigation of her complaint nor any remedial action that was taken by Defendant. The harassment continued.

22. As Ms. Banegas felt that she could not bear to come to Jesuit High any longer out of fear of continuing harassment, badgering and humiliation, she was constructively discharged at the end of the 2019-2020 academic year.

**AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Disparate Treatment Discrimination (Intentional Discrimination) on Account of Sex)**

23. Plaintiff is a member of a protected class and repeats and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

24. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, as Defendant has engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

25. Defendant's unlawful conduct has resulted in the constructive discharge of the Plaintiff.

26. Plaintiff's requests for relief are set forth below.

**AS AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF**
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Hostile Work Environment)**

27. Plaintiff is a member of a protected class and repeats and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

28. The conduct alleged herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e *et seq.*, as Defendant has subjected Plaintiff to a sexually hostile work environment. Plaintiff was subjected to severe or pervasive unwelcome sexual conduct that altered her working conditions.

29. Defendant's unlawful conduct resulted in Plaintiff's constructive discharge.

**AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF**
**Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq*.**
**(Disparate Treatment Discrimination (Intentional Discrimination) on Account of Sex)**

30. Plaintiff is a member of a protected class and repeats and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

31. The conduct alleged herein violates Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.*, as Defendant has engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

32. Due to Plaintiff's sex, Defendant has subjected Plaintiff to discrimination and harassment.

33. Defendant's unlawful conduct resulted in the constructive discharge of Plaintiff.

34. Plaintiff's requests for relief are set forth below.

### AS AND FOR A FOURTH CAUSE OF ACTION FOR A VIOLATION OF
### Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.*
### (Hostile Work Environment)

35. Plaintiff is a member of a protected class and repeats and re-allege the allegations contained in the paragraphs above, as if fully set forth herein.

36. The conduct alleged herein violates Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.*, as Defendant engaged in gender harassment and has created, maintained, and condoned a hostile work environment towards Plaintiff. Plaintiff was subjected to severe or pervasive uninvited sexual harassment that affected the terms and conditions of her employment.

37. Defendant's unlawful conduct resulted in the constructive discharge of Plaintiff.

38. Plaintiff's requests for relief are set forth below.

### DEMAND FOR JURY TRIAL

39. Plaintiff demands a jury trial on all matters raised in this Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment against Jesuit High as follows:

A.    A judgment declaring that the practices complained of herein are unlawful and in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* and the Louisiana Employment Discrimination Law, La. Stat. § 23:332 *et seq.*

B.    All damages which Plaintiff has sustained as a result of Jesuit High's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits she would have received but for Jesuit High's discriminatory practices, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

C.    Exemplary and punitive damages due to Defendant's malice or reckless indifference to Plaintiff's federally protected rights, so as to deter future malicious and/or reckless conduct.

D.    Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees and other costs;

E.    Pre-judgment and post-judgment interest, as provided by law;

F.    That the Court retain jurisdiction over Jesuit High until such time as it is satisfied that it has remedied the practices complained of and is determined to be in full compliance with the law; and

G.    Granting Plaintiff other and further relief as this Court finds necessary and proper.

*Plaintiff also seeks injunctive relief, including, but not limited to:*

H.    Training on the subject of employment discrimination for all of Jesuit High's employees;

I.    Sexual harassment training for all managers conducted by reputable outside vendors;

J.    Supervisory discipline up to and including termination for any supervisor who engages in unlawful discrimination, including sexual harassment.

K.    Active monitoring of the work areas to ensure compliance with discrimination policies;

L.    Monitoring by the Court or a federal agency to ensure that Jesuit High complies with all injunctive relief; and

Plaintiff further demands that she be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

Dated: January 15, 2021

Respectfully submitted:

*/s/Philip Bohrer*
Philip Bohrer     (#14089)
phil@bohrerbrady.com
**BOHRER BRADY LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, LA  70809
Telephone: (225) 925-5297
Facsimile: (225) 231-7000

Jay D. Ellwanger (*pro hac motion to be filed*)
Texas State Bar No. 24036522
jellwanger@equalrights.law
Ellwanger Law LLLP
8310-1 N. Capital of Texas Hwy.
Suite 190
Austin, Texas 78731
Telephone: (737) 808-2260
Facsimile: (737) 808-2262

**ORIGINAL COMPLAINT**